UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES J. HERMOSILLO,

Plaintiff,

Case No. 3:25-cv-142

vs.

AUSTIN B. BARNES, III, *et al.*,

Defendants.

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER DENYING *PRO SE* PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF (Doc. Nos. 5, 12, 15)**

---

Plaintiff James J. Hermosillo, a resident of Dayton, Ohio, brings this case *pro se* challenging foreclosure proceedings in state court concerning real property he owns. Doc. No. 1 at PageID 2; Doc. No. 9 at PageID 381. Liberally construing his *pro se* complaint, amended complaint, and other filings in his favor, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), he claims, under 42 U.S.C. § 1983, that Defendants violated his rights under the United States Constitution's Due Process and Takings Clauses. Doc. No. 1 at PageID 2; Doc. No. 9 at PageID 379–81. He raises additional claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692(p), and the Truth in Lending Act, 15 U.S.C. §§ 1601–1667(f). Doc. No. 1 at PageID 3–9; Doc. No. 9 at PageID 378. He also raises claims under state law including, in part, breach of conduct and fraud. Doc. No. 1 at PageID 9–15; Doc. No. 9 at PageID 381. The case is now before the Court upon *pro se* Plaintiff's three motions for injunctive relief. Doc. Nos. 5, 12, 15.

**I.**

In those three motions, Plaintiff seeks to enjoin a September 2025 Order by the Montgomery County, Ohio Court of Common Pleas (the "Common Pleas Court"). The

Common Pleas Court, in Plaintiff's view, determined that specific "tax certificates" purchased by the corporate entity Tax Ease Ohio V, LLC ("Tax Ease") from the Montgomery County Treasurer granted Tax Ease a valid lien against Plaintiff's property (presumably, his residence) located at 2724 Holman Street in Dayton, Ohio (the "Holman Street Property"). Doc. No. 5-21 at PageID 142–43. Plaintiff explains that, in its September 2025 Order, the Common Pleas Court held that Tax Ease (1) validly purchased and held these tax certificates; (2) was the vested tax certificate holder for Plaintiff's property; and (3) was entitled to foreclosure of its lien interests on Plaintiff's property due to his delinquent tax payments. *Id*.

Plaintiff alleges Defendants have worked together in an "orchestrated scheme" to wrongfully, fraudulently, and unconstitutionally deprive him of the Holman Street Property. Doc. No. 5 at PageID 43–44. He seeks injunctive relief in this Court (*i.e.*, a temporary restraining order and/or preliminary injunction) to prevent Defendants from proceeding with the foreclosure and/or sale of that property. Doc. Nos. 5, 12, 15.

**II.**

"A temporary restraining order ("TRO") is an extraordinary remedy." *Burton v. Kettering Adventist Health Care*, No. 3:20-cv-209, 2020 WL 3265526, at *1 (S.D. Ohio June 17, 2020) (citing Fed. R. Civ. P. 65; *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d 853, 860 (S.D. Ohio 2008)). Preliminary injunctions are construed likewise. *See Cretor Constr. Equip. LLC v. Gibson*, 738 F. Supp. 3d 950, 959 (S.D. Ohio 2024). A four-factor balancing test applies to such requests for injunctive relief: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether the TRO [or preliminary injunction] would substantially harm third parties; and (4) whether the TRO [or preliminary injunction] would serve the public

interest." *Refunjol v. Adducci*, No. 2:20-cv-2099, 2020 WL 1983077, at *3 (S.D. Ohio Apr. 27, 2020) (citing *York Risk Servs. Grp., Inc. v. Couture*, 787 Fed. App'x 301, 304 (6th Cir. 2019)). No single factor is a prerequisite to granting a TRO or preliminary injunction. *Id*. (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)); *see D.T. v. Sumner Cty. Sch.*, 942 F.3d 324, 326–27 (6th Cir. 2019).

Based on a thorough review of the three motions at issue and liberally construing them in Plaintiff's favor, along with the allegations raised in his *pro se* complaint and amended complaint, and further assuming those allegations are true, *see Estelle*, 429 U.S. at 106, the Court finds that the extraordinary remedy of a TRO and/or a preliminary injunction is unwarranted at this time. To support his § 1983 and other claims, Plaintiff places at issue whether the state court correctly imposed liens on, and ordered the foreclosure of, the Holman Street Property. *See* Doc. Nos. 1, 5, 6, 9, 12, 15. The presence of this issue exposes his federal constitutional and statutory claims to at least two potential bars—namely, the Anti-Injunction Act and the *Rooker-Feldman* doctrine—which defeat his effort to show a likelihood of success on the merits of his claims. *See Dates v. HSBC*, 721 F.Supp.3d 616, 624–30 (S.D. Ohio 2024) (denying, under the *Rooker-Feldman* doctrine[1] and the Anti-Injunction Act, a motion for a TRO which sought, like here, to halt a state-court foreclosure action). Because "a court must not issue a preliminary injunction where the movant presents no likelihood of merits success," *Daunt v. Benson,* 956 F.3d 396, 421 (6th Cir. 2020) (quoting *La.-Pac. Corp. v. James Hardie Bldg. Prod., Inc.*, 928 F.3d 514, 517 (6th Cir. 2019)), Plaintiff's motions each lack merit. In addition, without the likelihood of success on the merits of his claims, Plaintiff cannot show he

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

will suffer an irreparable injury absent a TRO and/or preliminary injunction. *Daunt*, 956 F.3d at 422 ("Without any likelihood of success in demonstrating the existence of a constitutional violation, Daunt and MRP fail to demonstrate that they will suffer irreparable injury in the absence of a preliminary injunction"); *Dates*, 721 F.Supp.3d at 629 ("[B]ecause the [c]omplaint raises no serious questions going to the merits of the claims, the Court need not address any of the other preliminary injunction factors…").

**III.**

Accordingly, the Court **DENIES** *pro se* Plaintiff's three motions for injunctive relief. Doc. Nos. 5, 12, 15. The Court reminds Plaintiff of the Lawyer Referral Service available to him through the Dayton Bar Association, which may be contacted at www.daybar.org or (937) 222-7902.

**IT IS SO ORDERED.**

August 3, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge